IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 07-198-01 |
| | : | |
| LAMAR BROWN | : | |

MEMORANDUM

**Norma L. Shapiro, J.**                                                                                   **May 14, 2012**

Presently before the court is a paper sent by defendant, received by the court on April 2, 2012, and captioned "Letter/Motion" (paper no. 41). The court deems this a Motion to Vacate, Set Aside, or Correct Sentence.

On November 14, 2008, defendant was sentenced to 88 months as follows:

28 months on Count I:    Possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C);

28 months on Count III:   Convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), to run concurrently;

60 months on Count II:   Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), to run consecutively.

The sentence was imposed after defendant entered an open plea of guilty at a hearing on September 17, 2007. The government did not appeal this sentence. Defendant's right to appeal is constrained by his plea agreement.

At sentencing, defendant had two prior convictions: one for a controlled-substance offense and the other for simple assault in violation of the Pennsylvania simple assault statute, 18

1

Pa. Cons. Stat. § 2701. Defendant argues the presentence report calculates his sentence as a career offender,[1] which would raise his offense level to 32, place him in criminal history category VI, and make his sentence under the United States Sentencing Guidelines ("U.S.S.G.") 262 to 327 months. *See* U.S.S.G. § 4B1.1(c)(3) (with 3-level reduction); Order (paper no. 40) at 1. Were he not a career offender, his offense level would be 24, minus 2 for acceptance of responsibility under U.S.S.G. § 3E1.1(a), minus 1 for the government motion for an additional 1-level reduction under U.S.S.G. § 3E1.1(b), and his criminal history III, making his sentence under the Sentencing Guidelines 46 to 57 months, plus 60 consecutive months on Count II.

Although defendant met the criteria for a career offender under the Sentencing Guidelines, the court sentenced him as if he were *not* a career offender because, as the court stated on the record, it found that the Sentencing Guidelines overstated his criminal history:

> [Y]ou meet the test for a career offender under the guidelines. But I've made clear that I don't think you're a career offender. You're not a hardened criminal yet and I hope you never become one. So, I'm going to sentence you, as the law allows me, under [*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)], as if you hadn't been a career offender.

Sentencing Hr'g Tr. (paper no. 37) at 21:13–19. The court sentenced him to 28 months, with 18 months credit for time served, on Counts I and III to run concurrently, and a mandatory consecutive sentence of 60 months on Count II.

---

[1] Section 4B1.1 of the United States Sentencing Guidelines provides:
A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Defendant bases his motion on *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), decided on April 16, 2008, prior to the November 14, 2008 hearing. In *Begay*, the appellant had three prior felony convictions for driving under the influence of alcohol ("DUI") and had pled guilty to an unrelated federal crime. The federal trial court found DUI to be a "violent felony" as defined by the Armed Career Criminal Act and imposed a sentence reflecting a mandatory minimum prison term of 15 years. The Supreme Court, reversing in relevant part the judgment of the Court of Appeals for the Tenth Circuit and remanding for further proceedings, held DUI is not a violent felony under the Act because, unlike the examples listed in the Act, DUI does not typically involve purposeful, violent, and aggressive conduct. *Id.* at 145.

In *United States v. Johnson*, 587 F.3d 203 (3d Cir. 2009), the appellant, James Henry Johnson, had a prior conviction for simple assault and had pled guilty to one count of unlawful possession of a firearm by a person previously convicted of a felony. The prior conviction for simple assault arose under the Pennsylvania simple assault statute, criminalizing attempts to cause bodily injury to another intentionally, knowingly, or recklessly. *See* 18 Pa. Cons. Stat. § 2701(a)(1). The trial court had found simple assault to be a "crime of violence" under the Sentencing Guidelines but failed to distinguish whether Johnson pled guilty to an intentional, knowing, or reckless violation of the statute. The Court of Appeals held an intentional or knowing violation of the statute qualified as a crime of violence under the Sentencing Guidelines but did not decide whether a reckless violation might qualify. The Court vacated the sentence and remanded for resentencing to determine the *mens rea* to which Johnson had pled guilty. In *dicta*, the Court questioned whether reckless conduct qualified as a crime of violence post-*Begay* and

noted nearly every Court of Appeals considering the issue has held it may not.[2] *See id.* at 211 n.8.

It may be correct that defendant should not have been sentenced as a career offender; one of his prior convictions was for simple assault, and it is unclear whether he had pled guilty to the *mens rea* required to qualify simple assault as a crime of violence post-*Begay*. He was not sentenced as a career offender. Even if the court were in error in calculating the appropriate Guidelines, and even if this motion were timely (which it is not),[3] this court would not reduce the

---

[2] The Court of Appeals previously held reckless conduct in violation of the Pennsylvania simple assault statute qualified as a crime of violence under the Sentencing Guidelines in *United States v. Dorsey*, 174 F.3d 331 (3d Cir. 1999). But *Dorsey* was decided nine years before *Begay*, and the *Johnson* Court recognized "the analytical framework we employed in *Dorsey* has been altered by [*Begay*]." *Johnson*, 587 F.3d at 207. To the extent *Dorsey* conflicts with *Begay*, it is no longer binding. *Id.* at 208 n.4.

[3] Because defendant challenges his sentence as allegedly in violation of the Constitution, *see* Mot. at 4, the motion is best construed as a motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255(f) provides a 1-year limitation period on § 2255 motions; the period runs from the latest of 4 dates, including "the date on which the right asserted was initially recognized by the Supreme Court . . . ." Defendant bases his motion on *Begay*, decided by the Supreme Court in 2008, and filed the motion in 2012, more than 1 year later. The motion is untimely under § 2255(f).

A district court may also modify a sentence under 18 U.S.C. § 3582(c) but only under specific and limited circumstances: (1) upon motion of the Director of the Bureau of Prisons and under extraordinary circumstances; (2) as otherwise permitted under Federal Rule of Criminal Procedure 35; and (3) where a defendant was sentenced based on a sentencing range subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c).

Federal Rule of Criminal Procedure 35(a) provides:
> Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Rule 35(b) provides additional time for reducing a sentence upon motion of the government "if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."

Defendant moved to alter his sentence well after the 14-day window under Rule 35(a) had closed. Because none of the § 3582(c) circumstances are present, the court is without jurisdiction to alter his sentence.

extremely lenient sentence previously imposed. The Motion to Vacate, Set Aside, or Correct Sentence is denied. An appropriate order follows.